# Sims v. Eslava.

*Statutory Real Action in nature of Ejectment.*

1. *Sale of lands under execution, after death of defendant.*—A sale of lands under execution, or other legal process, issued after the death of the defendant in the writ, is a nullity, and passes no title to the purchaser, unless, as authorized by statute (Code, § 3213), a lien was acquired and kept alive during his life, without the lapse of an entire term.

2. *Claim of exemption to property levied on, and contest thereof; effect on lien of execution.*—When a claim of exemption is interposed to property on which an execution has been levied, and the claim is contested by the plaintiff, the lien of the execution, by express statutory provision (Code, § 2835), is neither destroyed nor impaired "by the pendency of such contest, nor by its termination, if found in favor of the plaintiff;" but a termination and abatement of the contest by the death of the claimant is not within the terms of the statute.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by George N. Stewart in his lifetime, and revived, on his death, in the name of the appellant as the executrix of his last will and testament, against Odyle Eslava, to recover the possession of a certain tract of land, which was described as "all of square numbered nineteen (19) according to a map of Spring Hill in said county;" and was commenced on the 30th May, 1882. There was an admission of possession by defendant, in these words : "Defendant admits that Mrs. Celestine Eslava went into possession of the lot sued for, under the deed of B. F. Marshall and wife to her, and resided on said lot up to the time of her death; but this defendant also resided there during the same time." The plaintiff claimed the land as the purchaser at sheriff's sale under execution against Mrs. Celestine Eslava, and adduced on the trial, as the bill of exceptions shows, the following evidence in support of his title :

"(1.) A deed from B. F. Marshall and wife to Celestine Eslava, executed January 10th, 1863. (2.) Agreement of

[Sims v. Eslava.]

counsel as to possession," being the agreement above set out. "(3.) Record and proceedings of a certain cause lately pending in this court, wherein Charles Farley was plaintiff, and said Eslava was defendant; wherein said defendant was duly served, and appeared by counsel; and wherein a judgment for $486, with costs, was duly entered and rendered in favor of said Farley, and against said Celestine Eslava, on the 9th June, 1873. (4.) The records of said court, showing that an execution was issued on said judgment within a year from its rendition, and was duly returned 'No property found;' and that other executions were thereafter issued, and returned 'No property,' continuously and without the lapse of an entire term, down to an execution issued on the 11th December, 1882, which was levied upon all the right, title and interest of said Celestine Eslava in and to the land described in the complaint," with the sheriff's return showing the levy and a claim of homestead exemption interposed by said defendant. (This claim of exemption was verified by affidavit, and the sheriff's return stated that it was filed with him, that he had given notice of the claim to the plaintiff's attorney, and that he had postponed the sale until the further orders of the court.) "(5.) The contest, record and proceedings in said court, had and taken on the return of said execution, between said Farley and Celestine Eslava, upon the contest of the claim of homestead exemption shown in and by said return; the appearance of the parties; the contest; the several orders of the court therein, regularly continuing said cause, from term to term, until the Fall term, 1880, of said court, when an entry was made in said cause, on the 11th January, 1881, suggesting the death of said Celestine Eslava; and that thereafter no further entry appears on the minutes of the court in said cause. (6.) Plaintiff then proved that said Celestine Eslava died on the 21st December, 1880, and that she left no minor child. (7.) Plaintiff then offered in evidence a *venditioni exponas*, issued out of said court on the 22d January, 1881, with the indorsement and sheriff's return thereon;" which showed that the sheriff sold the premises now sued for, under said writ of *venditioni exponas*, on the 1st Monday in March, 1881, and that said George N. Stewart became the purchaser at the sale. And plaintiff then offered in evidence the record of an order made by said court on the 28th January, 1882, on the motion of said Stewart, directing the sheriff to execute a conveyance to him as the purchaser at the sale; and the sheriff's deed, dated April 24th, 1882, which was executed pursuant to this order, and which recited the facts as to the judgment, the issue and levy of the execution, the postponement of the sale in consequence of the claim of exemption, the issue of the *venditioni exponas*, the sale under it, the pur-

[Sims v. Eslava.]

chase by Stewart, and the order of court requiring a conveyance to be executed to him as the purchaser, all as above stated.

" To the admission of said *venditioni exponas*, and of said sheriff's deed, each, as they were offered in evidence, the defendant objected, on the ground that the same was illegal, incompetent, and irrelevant; because the record introduced showed that, at the time of the issue of said writ, the contest of exemption had not terminated by a judgment in favor of plaintiff; and because, if Mrs. Eslava was dead, and the contest had abated on account of her death, then the clerk had no authority to issue said writ; and because the record showed that the lien of said execution, issued on the 11th December, 1878, was discharged by operation of law, before said writ of *venditioni exponas* was issued. The court sustained said objections, both as to said writ and said deed, and excluded the same from the jury; to which ruling and action of the court, as to each, the plaintiff duly excepted," and was thereby compelled to take a nonsuit.

The rulings of the court excluding this evidence, when offered as above stated, are now assigned as error.

PILLANS, TORREY & HANAW, and H. AUSTILL, for appellant. The lien of the execution dated from its levy, and continued up to the moment of the defendant's death. Until the termination of the contest, the property was in the custody of the law, and the sheriff could not discharge it before that contest was ended. If the contest had been tried, and decided against the defendant, thereby establishing the fact that there was no valid claim of exemption to interfere with the execution, it can not be doubted that the plaintiff might at once have had the property sold under a *venditioni exponas*. But the claim and right of exemption, under the facts proved, ceased at once and forever when the defendant died; and the lien, which had only been suspended by the contest, at once revived in full force, and might be enforced as in any other case where the execution of process has not been completed by a sale.—*Dryer v. Graham*, 58 Ala. 623; *Jones v. Key*, 50 Ala. 599; *Thompson v. The State*, 20 Ala. 54; *Taylor v. Miller*, 13 Howard, 293; *Clark v. Kirksey*, 54 Ala. 219.

S. P. GAILLARD, L. H. FAITH, and J. L. & G. L. SMITH, *contra.*—A sale of lands under legal process, after the death of the owner, without a revivor against his heirs, is strictly statutory.—47 Ala. 264; 55 Ala. 601. In this case, the levy was made more than two years before the defendant's death; and it was not kept alive, as it might have been, by the issue of other writs without the lapse of a term.—Code, § 3213; 47

[Sims v. Eslava.]

Ala. 264; 11 Ala. 433; 4 St. & P. 237. As the contested claim of exemption was abated by the death of the defendant, the contest was not decided in favor of the plaintiff, and therefore the case is not brought within the statute.—Code, § 2835. On principles of common law, the plaintiff's *laches* in prosecuting his contest was fatal to his lien.—70 Ala. 409; 74 Ill. 209; 2 Bush, Ky. 236; 6 B. Mon. 491; 14 Ohio St. 18; Freeman on Executions, 206.

BRICKELL, C. J.—A sale of lands under execution, or other legal process, issuing after the death of the defendant therein, unless it be issued in pursuance of the statute (Code, of 1876, § 3213), in continuation of a lien acquired and kept alive in the life-time of the defendant, is a nullity, passing no title to the purchaser.—1 Brick. Dig. 893, § 43; *Hendon v. White*, 52 Ala. 597. The reason is obvious; there must be real parties to all process, original or final. Upon the death of the defendant, by operation of law, the title to his lands descends to his heirs, if he dies intestate; or, if he dies testate, devolves upon his devisees. The sale, of consequence, affects the title of new parties, who are entitled to a day in court, that they may, if they can, show cause against its divestiture.

The statute referred to declares, that "a writ of *fieri facias*, issued and received by the sheriff during the life of the defendant, may be levied after his death, or an *alias* issued and levied, if there has not been the lapse of an entire term, so as to destroy the lien originally created." Liens on lands, or on personal property, the statutes attach only to executions; and they take effect only within the county to which they are issued, and from the time the sheriff receives the writ. The continuance of the lien depends upon the regular issue and delivery of executions to the sheriff, from term to term.—Code of 1876, § 3210. If the execution is kept alive by the diligence of the plaintiff, that the death of the defendant shall not work a chasm in the proceedings, or a destruction of the lien, is the purpose of the statute; but, if it be not kept alive, it is equally the purpose of the statute that the lien shall be lost, and the death shall operate its usual, ordinary consequence,—an abatement or suspension of the proceedings.

That the *venditioni exponas*, and the sale of the lands under it, is a nullity, conferring no title upon the purchaser, in consequence of the death of the defendant at the time of its issue, is not denied, unless its issue and the sale were authorized by the statute which provides, that the lien on property levied on, and claimed as exempt, shall not be impaired or destroyed by the pendency of the claim or contest, nor by its termination, if found in favor of the plaintiff.—Code of 1876, § 2835. There

was no termination of the contest in favor of the plaintiff—no determination that there was a lien upon the land. The abatement of the contest by the death of the defendant and claimant was not a determination in favor of the plaintiff—all that was decided or declared was, that the proceedings were suspended from the want of a proper party capable of conducting them to a final determination. The event, or condition, upon which the continuance of the lien and authority depended, had not happened. The lien of executions, the preservation or loss of them, the claim of exemption, and its contestation, are all strictly statutory, and with the requirements of the statute there can be no dispensation. There are, manifestly, just reasons for the preservation to a plaintiff of a lien established by the judgment of a court of competent jurisdiction, interrupted in its enforcement by legal proceedings instituted against him, which do not apply when there has not been, or can not be, an establishment of the lien by such judgment.

There is no error in the record, prejudicial to the appellant, and the judgment is affirmed.