# Bellinger & Ralls *v.* Glenn, Brockway & Co.

*Action for Damages by Drawees of Bill of Exchange against Holders.*

1. *Action; legal injury the basis of.*—An act can not be the foundation of an action, unless it constitutes a legal injury; and what one man has a right to do, another can have no right to complain of.

2. *Waiver of protest; holder may protest notwithstanding.*—Notwithstanding a waiver of protest, the holder of a bill of exchange may have it protested, if he desires to claim the statutory damages for non-acceptance or non-payment.

3. *Same.*—The drawees of a bill of exchange can not maintain an action against the holder, for having the bill protested after waiver of protest by the drawer and indorsers.

APPEAL from the Circuit Court of Etowah.

Tried before Hon. JAMES AIKEN.

This was an action for damages by Bellinger & Ralls, a mercantile firm of Gadsden, Ala., against Glenn, Brockway & Co., bankers; and was commenced on 13th January, 1885.   In the usual course of their business the defendants received, for collection, a draft, or bill of exchange, for a designated amount, drawn on the plaintiffs by the Ballard & Ballard Co., of Lou-

isville, Ky. The draft was endorsed successively to the Kentucky National Bank of Louisville and the First National Bank of Nashville, and by the latter transmitted to the defendants for collection. The plaintiffs' suit is founded on the alleged injury to their commercial credit and reputation, caused by the action of the defendants in protesting this instrument despite an express waiver of such protest embodied therein, in the following words: "The parties hereto waive protest and notice thereof." The defendants demurred to the complaint upon the ground, *inter alia*, "that the matters and things set forth in said complaint do not constitute any right of action in the plaintiffs against the defendants." The judgment of the court sustaining the demurrer is here assigned as error.

DUNLAP & DORTCH, and AIKEN & MARTIN, for appellants.

W. H. DENSON, and JAMES L. TANNER. for appellees, cited *Strong v. Campbell*, 11 Barbour, N. Y. Rep. 135; *Bank Rome v. Mott*, 17 Wendell, 554, 556; *South Royalton Bank v. Suffolk Bank*, 27 Ver'm't, 505; *Smith v. Bowler*, 2 Disney (Ohio), 153–156; *Week's Damnum Absque Injuria*, § 5; Moak's Underhill on Torts, p. 4; *Mobile Ins. Co. v. Randall*, 74 Ala. 178; *Central R. R. Banking Co. v. Lampley*, 76 Ala. 357, 364; *Trust Co. v. Nat'l Bank*, 101 U. S. 68–71; 1 Parsons' Con. pp. 263–271; *Thompson v. Bank S. Carolina*, 30 Am. Dec. 354–356; 1 Parsons' Con. 263–268–269; *Allen v. Suydam*, 32 Am. Dec. 557; *Fabens v. Bank*, 34 Am. Dec. 59; *Bowling v. Harrison*, 6 Howard, 258; Cooley on Torts, p. 81.

CLOPTON, J.—To give a right of action for a tort, the act complained of must be wrong in itself, or become so by reason of the consequences which ensue. With whatever intent an act may be done, it can not be the foundation of an action, unless it constitutes a legal injury. "Whatever one has a right to do, another can have no right to complain of." The waiver of protest and notice applied only to the drawers and endorsers. It conferred no right on the plaintiffs, who had not accepted the bill and were not parties to it, and imposed no duty on the defendants as to them. It is lawful for the holder of a bill, notwithstanding protest may be waived, to have it protested, if he deems such advisable, or desires to claim the statutory damages for non-acceptance or non-payment. On the allegations of the complaint, the protest was not a wrong to the plaintiffs, could not have done them any damage, and gave them no right of action. The substantial elements of a cause of action—wrong and damage—are wanting.

Affirmed.