# Eslava *v.* Jones.

*Action for Damages against Circuit Clerk.*

1. *Action against ministerial officer.*—An action lies against a public minister al officer, for any act of negligence or misconduct, from which damage proximately results to the party complaining.

2. *Action against clerk wrongfully issuing writ; special damages.*—An action for damages does not lie against a circuit clerk wrongfully issuing a writ of *venditioni exponas*, commanding the sheriff to sell certain lands in the possession of the plaintiff, on which an execution against another person had been levied; the wrongful levy and sale not affecting his right, title or possession, and the costs, expenses and attorney's fees incurred in defending a suit brought against him by the purchaser, alleged as special damages, not being the natural and proximate consequence of issuing the writ.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Odyle Eslava against Richard E. Jones, the clerk of the Circuit Court, and was commenced on the 4th November, 1884. The complaint claimed damages for the defendant's alleged negligent and wrongful act in issuing a writ of *venditioni exponas*, under which the sheriff sold a certain lot or parcel of land. The writ, which was set out in the complaint, and was dated January 22d, 1881, recited that an execution had been levied on the land, as the property of Celestine Eslava, on a judgment recovered against her by Charles Farley; that a claim of homestead exemption was thereupon interposed, which was contested; and that the contest had abated by the death of the defendant. The complaint alleged, also, that George N. Stewart became the purchaser at the sheriff's sale under the writ, and afterwards instituted an action at law against the plaintiff to recover the possession of the land, she being in possession at the time the writ was issued, and continuously thereafter; and claimed as special damages the costs, expenses and attorney's fees incurred and paid by plaintiff in the successful defense of that suit, both in the court below, and in this

[Eslava v. Jones.]

court on appeal. The court sustained a demurrer to the complaint, and its judgment is now assigned as error.

S. P. GAILLARD, for appellant.—No privity between the parties was necessary to support the action.—Wood's Mayne on Damages, 117, note. In issuing the writ the clerk acted ministerially, and an action lies against him for any special damages resulting to an individual.—Bigelow on Torts, 124, 284–5; Cooley on Torts, 392; Story on Agency, §§ 320–21; 5 Wait's. Actions & D. 35; 5 B. & A. 837, 845; 21 Maine, 371; 15 E. C. L. 383; 3 Hill, 531; 106 Mass. 446; 13 Penn. St. 160; 3 Metc. 44, 50; 15 Conn. 46; 7 Sm. & Mar. 641; 13 Ib. 392; 14. La. Ann. 614; 2 Root, 85; 11 Wall. 138; 117 Mass. 591; 12 C. B. 191; 8 Ired. 184; 31 Ill. 318; 21 Miss. 292; 3 Dev. 308. The costs, expenses and attorney's fees, necessarily incurred in the defense of the action at law, are the natural and proximate consequences of the defendant's wrongful act, and are recoverable as special damages.—Williams v. Hart, 17 Ala. 102; Tindall v. Bell, 11 M. & W. 229; 2 Woodbury & M. 146; 2 Mason, 120; 3 Story, 136; 1 Cr. & M. 178; 3 Wils. 403; 6 N. Y. 397; 42 N. Y. 351; 6 Hill, 522; Cooley on Torts, 70; Add. Torts, 6; 20 Wend. 222; 4 Denio, 464; 104 Mass. 64; Davis v. Garrett, 6 Bing. 716.

PILLANS, TORREY & HANAW, contra, cited Robinson v. Gill, 12 C. B. 191; Cooley on Torts, 61, 75, 392–94; Shearm. & Redf. Negligence, 8, 9, 10, 286–87; Add. Torts, § 1; Williams v. Hart, 17 Ala. 102; Bolling v. Tate, 65 Ala. 417; Tucker v. Adams, 52 Ala. 256; Kimball v. Connelly, 3 Keyes, N. Y. 57; 7 Conn. 84; Story on Agency, 217; Sedg. Damages, 125.

CLOPTON, J.—When an individual suffers damages by any act of negligence or misconduct of a public officer, in respect to any ministerial duty annexed to his office, he is answerable to such individual in a civil action; but, in such case, a wrong committed by the officer, and resulting damage to the party complaining, must concur, to give title to a remedy.—Bellinger v. Glenn, 80 Ala. 190. While actual or specific damage is not indispensable, the party complaining, however amiss may be the act, must have suffered injury, either actual or implied, or presumed, from an invasion of his rights, or from a breach of duty owing to him.

[Eslava v. Jones.]

The grievance alleged is the issue by the defendant, as clerk of the Circuit Court, of a *venditioni exponas*, commanding the sheriff to sell certain lands therein described, which had been previously levied on by an execution issued on a judgment in favor of Charles Farley against Celestine Eslava, and the sale suspended by the interposition and contest of a claim of exemption, during the pendency of which the defendant in execution died. The *venditioni exponas*, and the sale of the lands thereunder, were held to be a nullity, conferring no title on the purchaser, in *Sims v. Eslava*, 74 Ala. 594, on the ground that there had been no termination of the contest in favor of the plaintiff. The appellant, who was plaintiff in the Circuit Court, was not a party, nor privy, in the case in which the judgment was rendered, and was not in any way connected with the judgment or the writ. In respect to the judgment or process thereon, the clerk owed no official duty to the plaintiff, and no damages resulted to her such as the law implies from the wrongful issue of the writ. The act of the clerk, though illegal and unauthorized, did not confer on plaintiff any legal claim, any right of action against him, unless, on the facts averred, she sustained special damages, which are recoverable.—*Dehn v. Heckman*, 12 Ohio St. 181; *Ware v. Bond*, 2 Bond, 267; *Harrington v. Ward*, 9 Mass. 251.

The only special damages claimed are, that plaintiff was compelled to pay divers costs, expenses and attorney's fees, in defense of a suit to recover possession of the lands, brought against her by the purchaser at the sale under the *venditioni exponas*, and in defense of the appeal from the judgment rendered in the suit in her favor, which was affirmed on appeal. The only title or right to the lands shown by the averments of the complaint, is such as the law implies from plaintiff's possession at the time the writ was issued, and the lands were sold. The levy of an execution on lands, unlike a levy and seizure of personal property, confers no right or title on the sheriff, and such levy does not constitute him a trespasser, though the lands may not belong to the defendant in execution, and may be in the possession of a third person. The issue of the *venditioni exponas*, and the sale thereunder, did not operate to impair or affect the title or right of the plaintiff, nor to injure or disturb her possession. The utmost that can be said is, that the purchaser is thereby armed with the power to bring suit. The damages claimed are not the natural and proximate con-

sequences of issuing the writ, but of the institution of the suit.

However groundless may be the claim, no action lies at the suit of the defendant, to recover costs and expenses incurred in the defense of an action in any of the ordinary forms—for a mere wrongful resort to legal process. To constitute the misuse or abuse of legal process, in the common-law or ordinary remedies, actionable, malice and want of probable cause must conjoin.—*Tucker v. Adams*, 52 Ala. 254; *Bolling v. Tate*, 65 Ala. 417. Though the *venditioni exponas* was a nullity, and the purchaser acquired no title by the sale, the plaintiff could not maintain an action against him, to recover the costs and expenses paid by her in defense of the suit to recover possession of the lands. The bringing the suit was the act of the purchaser—the intervention of another cause, by which the plaintiff can not pass, and support an action against the clerk to recover damages for which the immediate actor is not suable. Though the illegal and unauthorized act of the clerk may have furnished the occasion, it was not the efficient and dominant cause, which put the intervening and immediate cause in operation. The issue of the *venditioni exponas* is, as to the plaintiff, *damnum absque injuria*.

Affirmed.