H. M. Coleman v. W. D. Lytle et al.

Decided February 1, 1908.

**1.—Officer—Neglect of Duty—Liability.**

A public officer is liable to a private individual for any injury he may sustain in consequence of the officer's neglect to perform or to properly perform a ministerial duty in which such individual has a special and direct interest; but the injury sustained must be the proximate result of the breach of duty complained of.

**2.—Groundless Action—Cost of Defense—No Recovery.**

The owner of city lots duly paid the taxes due thereon, but the collector neglected to make the proper entry on his records showing that the taxes

had been paid; the city employed a person to make a list of delinquent tax payers and of property on which the taxes had not been paid; this person negligently entered the lots in question on the delinquent list and as property of "unknown owner;" the city sued and obtained judgment for the alleged delinquent taxes and a foreclosure of the lien and sold the lots; the owner brought suit to set aside the judgment and sale. Held, the owner had no cause of action against the tax collector for the expenses incurred in setting aside said judgment and sale.

Appeal from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*Essex & Bouldin,* for appellant.

*C. M. Templeton,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought against Ed C. Baker and H. M. Coleman by W. D. Lytle, to whom Lucinda Clark had assigned a claim for damages against them, which claim was made the ground of recovery herein and consisted of the loss of time and the expense, such as court costs, attorney's fees, railroad fare, hack hire and hotel bills, incurred by Lucinda Clark in defending a couple of suits brought by the city of Mineral Wells against "unknown owner" to recover delinquent taxes for the year 1902 assessed against two lots in said city belonging to her, and to foreclose a tax lien thereon, under which judgments the lots had been sold. The suit was dismissed as to Baker and judgment by default taken against Coleman. An effort was made to have this judgment set aside during the term at which it was rendered, but the court, holding the excuse offered for not filing an answer to be insufficient, overruled the motion and to that action error is assigned.

It appears from the allegations of the petition that the tax against said lots for the year 1902, amounting to three dollars and sixty cents, had been assessed and placed on the tax rolls in the name of Lucinda Clark, the owner, and that she had in January, 1903, paid the same to H. M. Coleman, the tax collector of said city, who neglected to have an entry made on the tax records of his office showing this payment, as required by law. Thereafter the city of Mineral Wells employed Ed C. Baker to prepare a list of delinquent taxpayers and of property on which the taxes had not been paid, who caused the lots belonging to Lucinda Clark to be entered in this delinquent list for the year 1902 as the property of "unknown owner," which was attributed in the petition to the failure of the tax collector to make an entry showing payment of the taxes made by Lucinda Clark. The further consequence alleged was the institution of two suits against "unknown owner" to foreclose a tax lien against the lots, in which service by publication was had and judgment rendered thereon, under which the lots were sold, all without the knowledge of the owner. The expense of having these judgments set aside was made the ground of recovery in this suit.

We are inclined to the opinion that the excuse offered by Coleman

for not filing an answer was hardly sufficient and that the court did not err in so treating it; but we do not find it necessary to make a ruling on this question, since we are of opinion that the judgment by default should have been set aside because the case stated in the petition did not warrant the recovery.

It seems to be well settled that a public officer is liable to a private individual for any injury he may sustain in consequence of the officer's neglect to perform or failure to properly perform a ministerial duty in which such individual has a special and direct interest.    Mechem on Public Officers, sec. 664; 5 Thompson on Negligence, sec. 6386. But it is equally well settled that in actions against officers, as in other cases, the injury sustained must be the proximate and not the remote result of the breach of duty complained of.    Mechem on Public Officers, sec. 675.    To illustrate: The case of Eslava v. Jones, 83 Ala., 139 (3 Am. St. Rep., 909), cited by the author in support of the text, was an action brought against the clerk of the Circuit Court in Alabama for the negligent and wrongful issuance of a writ of *venditioni exponas* under which the sheriff sold a tract of land belonging to complainant, who was not a party to the judgment and against whom suit was brought by the purchaser to recover the possession of the land.    The special damages claimed were the costs, expenses and attorney's fees incurred both in the trial court and in the court on appeal in the successful defense of the suit brought to recover the land.    In that case, which is more analogous to the one before us than any we have been able to find, it was held that the wrong complained of was not the proximate cause of the injury sustained.   In the course of the opinion this language was used: "The issue of the *venditioni exponas,* and sale thereunder, did not operate to impair or affect the title or right of the plaintiff, nor to injure or disturb her possession.    The utmost that can be said is, that the purchaser is thereby armed with the power to bring suit.    The damages claimed are not the natural and proximate consequences of issuing the writ, but of the institution of the suit.

"However groundless may be the claim, no action lies at the suit of the defendant to recover costs and expenses incurred in the defense of an action in any of the ordinary forms—for a mere wrongful resort to legal process. . . .    Though the *venditioni exponas* was a nullity, and the purchaser acquired no title by the sale, the plaintiff could not maintain an action against him to recover the costs and expenses paid by her in defense of the suit to recover possession of the lands.    The bringing of the suit was the act of the purchaser, the intervention of another cause, by which the plaintiff can not pass, and support an action against the clerk to recover damages for which the immediate actor is not suable.    Though the illegal and unauthorized act of the clerk may have furnished the occasion, it was not the efficient and dominant cause, which put the intervening and immediate cause in operation."

The rule recognized in this case also prevails in Texas—that the expense of defending a suit which is not maintainable can not be recovered from the plaintiff in the action who is the direct cause

thereof, and it is therefore difficult to see how one could be held liable for such expense who is merely the indirect cause. It has been held by this court that a tax suit brought by publication against the "unknown owner" does not affect the title of one who has paid his taxes and is in possession of the land and has no notice of the proceeding under which the land is thus sold.

In the light of these principles let us examine briefly the case before us. In the first place the city of Mineral Wells, and not the tax assessor, caused a delinquent list to be prepared, not by the tax collector, but by another person who had a record before him showing the name of the .owner of the lots in question, and who therefore had no authority and no reasonable excuse for placing them on the list under the head of "unknown owner." In the next place the suit was instituted by the city of Mineral Wells to recover taxes which had already been paid, and therefore there was no ground for the institution of such a suit. Here are two intervening causes, neither of which was the logical result of the neglect of the tax collector to have his records show that the tax had been paid. Moreover, the only loss sustained by Lucinda Clark was the expense of successfully defending suits that were not maintainable, which has long been treated as *damnum absque injuria.*

For this error, therefore, which is fundamental, appearing on the face of the record, the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*