**HARTFORD ACCIDENT & INDEMNITY CO.
et al. v. TEMPLEMAN et al.   (No. 930·1.)**

Court of Civil Appeals of Texas.   Galveston.
June 21, 1929.

Baker, Botts, Parker & Garwood, Rodman S. Cosby, and John ˙P. Bullington, all of Houston, for appellants.

King, Battaile & Dutton, of Houston, for appellees.

GRAVES, J.   Appellants make this concededly correct statement:

"Anterior to the 1st day of September, 1928, the City of Navasota, a municipal corporation, and ˙a Home-Rule City within the purview of R. S. Articles 1165 et seq., had filed suit in the district court of Grimes County, Texas, against L. H. Barry, former City Secretary and Tax Collector, and the surety on his bond, conditioned for the performance of the duties of his office, to-wit, Hartford Accident & Indemnity Company, seeking to collect a large sum of money alleged to be due by reason of the failure of Farmers State Guaranty Bank of Navasota, Texas, in which bank the City Tax Collector was then keeping his collections.

"This suit was settled by the payment of $7500.00 by the surety to the City of Navasota.

"Thereafter, Hartford Accident & Indemnity Company and L. H. Barry filed in the district court of Trinity County, Texas—the venue having been changed by agreement to Trinity County—a first amended original petition.

"The cause came on to be heard on the 18th day of September, 1928, whereupon the defendant presented a general demurrer to the plaintiffs' first amended original petition, the demurrer having been heard, argued, and considered by the court, was in all respects sustained, and the plaintiffs, declining to amend, then and there in open court excepted to the judgment dismissing their cause, and gave notice of appeal.

"The gist of plaintiffs' amended petition was that the defendants, being the governing body of the City of Navasota, had failed to perform their duty in selecting an official depository—the former depository having refused to requalify by having the sureties on its bond get off the bond, and that as a direct and proximate result thereof the plaintiffs were damaged in the sum of $10,000.00.

"Appropriate allegations were made in the amended petition that L. H. Barry was the City Secretary and Tax Collector, having been appointed January 1, 1924, and remained in such capacity until about July, 1926.   That Hartford Accident & Indemnity Company was surety on his official bond, conditioned for the faithful performance of his duties, the bond being in the sum of $15,000.00, and so remained on said bond until after February, 1926.   It was also alleged that the defendants, the mayor and city commissioners of Navasota, on the 5th of January, 1923, having advertised for bids as required by the State statutes, articles 2560 et seq., and as required by Section 15 of the charter of the City of Navasota, had accepted the bid of Farmers State Guaranty Bank, who thereafter made a proper bond and became the official depository.   That during the end of 1924 the sureties on said depository bond refused to renew it and cancelled it, and the defendants permitted the public moneys of the City of Navasota, including those collected by appellant, L. H. Barry, to remain in the same bank

without any security as required by the State statutes and city charter.

"Further allegations were that as early as January 1, 1926, or February 1, 1926, the Farmers State Guaranty Bank was in a failing condition, of which conditions the appellees had either actual knowledge or constructive notice, and, notwithstanding these facts, still failed to follow the statute and city charter and designate a city depository and get an appropriate bond, but on the contrary permitted the funds to remain in said bank, specifically instructing the City Tax Collector to place his collections in said bank.

"Further allegations were that appellees well knew that Hartford Accident & Indemnity Company was surety on the bond of Barry, and well knew that if there was a failure of the bank, the Indemnity Company would sustain a loss. That about February 12, 1926, the bank failed, was taken over by the Banking Commissioner, and thereafter the City sued Barry for $26,000.00, the amount of the money deposited by him in said bank, and the surety for $15,000.00, the amount of its bond. That after extended investigation and preparation of the case for trial, it was settled by the surety paying the City $7500.00 and paying its counsel the sum of $2500.00, for which latter amount it recovered judgment over against L. H. Barry. That the Indemnity Company is, therefore, subrogated to all rights of Barry against the appellees. The prayer was for $10,000.00 with six per cent interest from August 12, 1928."

In this court appellants contend the general demurrer was improperly sustained, because the petition stated a good cause of action against the appellees as individuals, in that it alleged the breach of a legal duty they owed appellants, together with a directly resulting and proximately occasioned loss to the latter, appellees being the public officials of the city of Navasota, and as such obligated under its charter as well as by statute to both select a depository for, and require an adequate bond protecting, the public moneys, including those standing in the tax collector's name, which duty they negligently failed to perform, although knowing at the time that the city's funds were in peril.

In support of this position, after Rev. St. 1925, art. 2561, the leading case cited is Coleman v. Lytle, 49 Tex. Civ. App. 42, 107 S. W. 562, by the Ft. Worth Court of Civil Appeals, holding in effect that an individual public officer is liable to a private person for any injury sustained by him in consequence of the officer's neglect or failure to perform a ministerial duty, in which such person has a direct and special interest. The rule there applied seems to be well settled, as the authorities cited in the opinion make manifest, but that is not the case this petition reflects. Here the charge was not of the failure of an

individual officer to perform a duty imposed by law, but one seeking to hold the members of the city council personally responsible in their private capacity for the failure or refusal of the official body they were members of to act.

By the weight of authority, no such action seems to lie; the principle upon which liability is denied being thus succinctly stated in 29 Cyc. 1443.

A public officer who is a member of a corporate body upon which a duty rests cannot be liable for the neglect of that body. If there be refusal to exercise the powers of such body, it is the refusal of the body, and not of the individuals composing it.

To the same general purport also are these authorities: Monnier v. Goldbold, 116 La. 165, 40 So. 604, 5 L. R. A. (N. S.) 463, 7 Ann. Cas. 768; Hydraulic Press Brick Co. v. School Dist., 79 Mo. App. 665; Owen v. Hill, 67 Mich. 43, 34 N. W. 649; 23 A. & E. Ency. of Law, 370; Bassett v. Fish, 75 N. Y. 303.

That the duty alleged to have been due from the appellees here—that is, to select a city depository, require bond, etc.—was not a purely ministerial one, but rather involved the exercise of discretion upon their part, seems to us equally clear.

Navasota was admittedly a home-rule city, wherefore the applicable provision of its charter, which changed the general method of providing such facilities, rather than the state statutes, Rev. St. 1925, art. 2559 et seq., would seem to control this feature; section 15 thereof, which was a part of appellants' petition, provides, among other things, that the city commission shall have the right to reject any and all bids offered as city depository, and that, in case the city commission should reject any and all bids offered and no other bid should be submitted, then the city commission shall designate some appointive officer of the city, who shall perform the duties of city treasurer without extra compensation.

The matter of securing a city depository and requiring a bond was thus left, in material measure at least, to the judgment of the council and so took the acts required of these appellees out of the class of ministerial duties, as thus defined by our Supreme Court in Rains v. Simpson, 50 Tex. 495, 32 Am. Rep. 609: "Where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed" merely "ministerial."

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; the trial court's judgment has accordingly been affirmed.

Affirmed.