

# The Attorney General of Texas

December 18, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Marion E. Williams, Jr.
Bee County Attorney
Bee County Courthouse
Beeville, Texas 78102

Opinion No. H-1288

Re: Authority of the county to pay a CETA prime contractor when it is subsequently discovered that the activities for which reimbursement were made were unauthorized.

Dear Mr. Williams:

You describe the facts as follows: Bee County, through the Bee County Community Action Agency, has a contract for the receipt of federal funds under the Comprehensive Employment and Training Act (CETA), 29 U.S.C. §§ 801-822, with the Coastal Bend Consortium which acts as the prime sponsor. Bee County used a portion of these funds to pay for the repairs on someone's home who, it was later discovered, was not an eligible recipient of CETA funds. Under the contract with the consortium, any misappropriation of funds by the county renders the county, rather than the consortium, liable to pay the amount misappropriated. You ask whether the county has authority to pay this amount in light of article 3, section 52 of the Texas Constitution. You also ask if the county auditor or county commissioners can be held personally liable for the misappropriation of the funds. We note that the question does not involve any payment to the ineligible individual, but instead relates to the liability of one governmental body to another.

Article 3, section 52 provides, in pertinent part:

> The Legislature shall have no power to authorize any county . . . to lend its credit or grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . .

Payment of a valid claim by a county is not gratuitous and does not violate article 3, section 52. Harris County v. Dowlearn, 489 S.W.2d 140 (Tex. Civ. App. — Houston [14th Dist.] 1972, writ ref'd n.r.e.) (compensation of individual pursuant to Texas Tort Claims Act does not violate article 3, section 52); see Angelina County v. Kent, 374 S.W.2d 313 (Tex. Civ. App. —

Beaumont 1963, no writ) (county must pay architect in accordance with contract); Wyatt Metal & Boiler Works v. Fannin County, 111 S.W.2d 787 (Tex. Civ. App. — Texarkana 1937, writ dism'd) (county may be held liable on theory of unjust enrichment); Attorney General Opinion H-1186 (1978) (state agencies may enter into conciliation agreements providing back wages to persons who assert a valid employment discrimination claim under the Civil Rights Act of 1964).

Bee County was legally authorized to enter into the contract under which it was responsible for the proper disbursement of CETA funds. Attorney General Opinion H-1212 (1978). You state that under the facts the county is clearly liable. Such liability is necessary for the county to be authorized to pay the claim. Attorney General Opinion V-653 (1948). We cannot determine in the opinion process whether the county is in fact liable, and we do not understand you to be asking us to do so. We do believe, however, that if the county is liable under the terms of a valid contract, then article 3, section 52 does not bar the payment of the county's obligation.

Your second question concerns whether the county auditor or county commissioners can be held personally liable for misappropriation of county funds.

Both the county auditor and the commissioners court are responsible for the proper use of CETA funds. Attorney General Opinion H-1212 (1978). However, the general rule is that public officers are not liable when acting within the scope of their duties in a matter that involves the exercise of discretion or judgment unless they acted willfully, corruptly, maliciously or in bad faith. Campbell v. Jones, 264 S.W.2d 425 (Tex. 1954); Hix v. Tuloso-Midway Ind. Sch. Dist., 489 S.W.2d 706 (Tex. Civ. App. — Corpus Christi 1972, writ ref'd n.r.e.); Pridgen v. Giles, 267 S.W.2d 187 (Tex. Civ. App. — Austin 1954, writ ref'd n.r.e.); Welch v. Kent, 153 S.W.2d 284 (Tex. Civ. App. — Beaumont 1941, no writ); Ross v. Gonzales, 29 S.W.2d 437 (Tex. Civ. App. — San Antonio 1930, writ dism'd). See generally Tex. Jur.2d Municipal Corporations § 225, at 602-8. It is possible that a public officer might be held liable on a lesser standard if the duty was purely ministerial. See Hartford Accident & Indemnity Co. v. Templeman, 18 S.W.2d 936 (Tex. Civ. App. — Galveston 1929, no writ). Whether the county auditor or county commissioners could be held personally liable in a particular instance would depend on factual determinations that cannot be resolved in the opinion process.

## SUMMARY

Article 3, section 52 of the Texas Constitution does not bar payment by a county of a valid contract claim. Whether the county auditor or county commissioners could be held personally liable for misappropriated CETA funds would depend on the resolution of certain factual issues.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn