

# THE ATTORNEY GENERAL
## OF TEXAS

July 26, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable O. H. "Ike" Harris
Chairman
Economic Development Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.   JM-932

Re:  Whether "local govern-
ments," as  defined in  the
Interlocal Cooperation Act,
article 4413(32c), V.T.C.S.,
may pool  their  funds  for
purposes of  an  authorized
investment  (RQ-1360)

Dear Senator Harris:

You ask whether the Interlocal Cooperation Act, article 4413(32c), V.T.C.S., authorizes local governments as defined in the act to pool and jointly invest their public funds in investments authorized by other law and to create an agency to administer the investments. You state that the participating local governments would provide for joint investment of public funds by contract, combining their funds in the pool. Each local government would own an undivided interest in pool assets. Money in the pool would be invested in obligations in which each participating local government's funds may be lawfully invested. Earnings and losses from all investments, as well as administrative costs of the pool, would be equitably and proportionately allocated to participants.

The contract would establish a Joint Powers Agency governed by a board of directors consisting of officials or other designees of participating local governments initially appointed by the contracting parties and thereafter elected by vote of the participating local governments. The Joint Powers Agency would hold legal title to the pooled investments as custodian for the participating local governments. The agency would make investments in accordance with basic rules and policies established by its board of directors and approved by the governing bodies of the participating local governments.

Your question relates to local governments as defined in article 4413(32c), V.T.C.S., the Interlocal Cooperation Act.  These are as follows:

> 'local government' means a county; a home rule city or a city, village, or town organized under the general laws of this state; a special district; a school district; a junior college district; any other legally constituted political subdivision of the State of Texas or any adjoining state; or a combination of political subdivisions.

V.T.C.S. art. 4413(32c), § 3(1).

Your question and the accompanying statement of facts raises an issue of the authority of public officers to delegate their power and authority to invest public funds to a joint powers agency such as the one you describe.  The discussion of this issue requires us to look at the statutes which authorize political subdivisions to make investments. Since you ask about local governments generally, we will discuss article 4413(34c), V.T.C.S., and article 842a-2, V.T.C.S., two statutes which apply to a range of local governments.  Article 4413(34c), V.T.C.S., was adopted in 1979 to place a duty on each state agency and political subdivision to adopt rules governing the investment of its local funds.  Acts 1979, 66th Leg., ch. 810, at 2071.  See Bill Analysis, Tex. H.B. 2122, 66th Leg. (1979).  Article 842a-2, V.T.C.S., was adopted in 1987 to provide a comprehensive plan for the investment of public funds, including authorization for specific kinds of investments. Acts 1987, 70th Leg., ch. 889, at 2985.  See Bill Analysis, Tex. H.B. 1488, 70th Leg. (1987).  There are in addition statutes which authorize a narrow class of investments by specific local governments.  See, e.g., Local Gov't Code § 104.002 (investment of trust funds and special deposits by certain cities); § 140.002 (investment in obligations of United States funds remaining in political subdivision accounts at end of year).  Because of the general nature of your question, we will not address the narrower statutes.

Article 4413(34c), V.T.C.S., governs the investment of local funds, defined as follows:

> 'Local funds' means public funds in the custody of a state agency or political subdivision that are not required by law to

> be deposited in the state treasury and that
> the agency or subdivision has legal authority
> to invest.

V.T.C.S. art. 4413(34c), § 1(1). A "political subdivision" is a county, incorporated city or town, or special purpose district. Id. § 1(3).

If no law assigns an officer responsibility for investment of local funds, the political subdivision shall designate one or more officers or employees of the subdivision to have that responsibility. V.T.C.S. art. 4413(34c), § 3(a). The political subdivision shall adopt rules governing the investment of its funds, including rules that clearly specify the scope of authority of the designated officers and employees to invest public funds. Id. § 2. No one may "deposit, withdraw, invest, transfer, or otherwise manage local funds" without express written authority of the governing body or chief executive officer of the subdivision. Id. § 3(b).

Article 842a-2, the Public Funds Investment Act of 1987, authorizes an incorporated city or town, a county, a school district, or an institution of higher education as defined by section 61.003 of the Education Code to invest its funds in various obligations, certificates, or agreements set out in the statute. A nonprofit corporation acting on behalf of any of these entities may exercise its investment authority under the statute. Section 5 of article 842a-2, V.T.C.S., provides that investments shall be made in accordance with written policies approved by the governing body, which must address "liquidity, diversification, safety of principal, yield, maturity, and quality and capability of investment management, with primary emphasis on safety and liquidity." Section 4 provides the following standard of care for investing funds under article 842a-2, V.T.C.S.:

> Investments shall be made with judgment
> and care, under circumstances then pre-
> vailing, that persons of prudence, discre-
> tion, and intelligence exercise in the
> management of their own affairs, not for
> speculation, but for investment, considering
> the probable safety of their capital as well
> as the probable income to be derived.

V.T.C.S. art. 842a-2, § 4.

Article 4413(34c), V.T.C.S., establishes that a governmental body shall control the investment of its funds. It is explicit as to the persons to whom responsibility for investment may be delegated: officers or employees of the governmental body. V.T.C.S. art. 4413(34c), §§ 2, 3(a). The scope of their authority must be clearly specified by rule, and they must have the written authority of the governing body or chief executive officer of the political subdivision to deposit, withdraw, invest, transfer, or otherwise manage funds eligible for investment. Id., §§ 2, 3(b). This statute does not authorize the governmental body of a political subdivision to delegate its responsibility for investment decisions to another political subdivision, or to a Joint Powers Agency created by contract among several political subdivisions. Nor does it permit a governmental body to delegate to a Joint Powers Agency the authority to hold legal title as custodian to investments purchased with its funds.

Article 842a-2, V.T.C.S., deals primarily with the kind of investment instruments in which governmental bodies may place their funds. It allows a nonprofit corporation acting on behalf of any of the enumerated governmental entities to invest its funds according to the provisions of this act, but it does not itself authorize the formation of such a corporation. V.T.C.S. art. 842a-2, § 2(a). Cf. V.T.C.S. art. 5190.6, §§ 21, 22 (development corporations). Nor does it indicate that investment of funds by a nonprofit corporation would involve any relinquishment of power or responsibility by the political subdivision. This statute does not authorize the delegations of authority which would be necessary to establish the investment pool you describe.

In the absence of express authority, the governing body of a municipality may not delegate to other persons the discharge of duties requiring an exercise of discretion. Horne Zoological Arena Co. v. City of Dallas, 45 S.W.2d 714 (Tex. Civ. App. - Waco 1931, no writ); see generally Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Lipsey v. Texas Department of Health, 727 S.W.2d 61 (Tex. App. - Austin 1987, writ ref'd n.r.e.); Newsom v. Adams, 451 S.W.2d 948 (Tex. Civ. App. - Beaumont 1970, no writ); Moody v. Texas Water Commission, 373 S.W.2d 793 (Tex. Civ. App. - Austin 1963, writ ref'd n.r.e.). And some governmental functions are not delegable at all. See Clear Lake City Water Authority v. Clear Lake Utilities Co., 549 S.W.2d 385 (Tex. 1977).

The Texas Supreme Court has made the following distinction between discretionary and ministerial duties:

> Where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial.

Rains v. Simpson, 50 Tex. 495, 501 (1878).

The statutes we have discussed do not define investment duties with precision and certainty. They require public officers to exercise their judgment subject to a high standard of care. See V.T.C.S. art. 842a-2, § 4. The courts have held that the selection of a depository is a discretionary matter for the commissioners court of a county and the city council of a city. Citizens State Bank of Roby v. McCain, 274 S.W.2d 184 (Tex. Civ. App. - Eastland 1954, no writ); Hartford Accident & Indemnity Co. v. Templeman, 18 S.W.2d 936 (Tex. Civ. App. - Galveston 1929, no writ). The investment of public funds requires an exercise of judgment and discretion to an even greater extent than the selection of a depository. It involves decisions about the amount of money to invest and the allocation of funds to different kinds of investments, as well as the degree of risk to accept in exchange for an anticipated return. The governmental body or officer in which these responsibilities are vested may not delegate them to other persons in the absence of express authority.

As already pointed out, neither article 842a-2, V.T.C.S., nor article 4413(34c), V.T.C.S., authorizes the delegation of investment authority necessary to establish the investment pool you describe. Article 4413(32c), V.T.C.S., the Interlocal Cooperation Act, does not permit the necessary delegation either. This statute provides that a local government may contract with another local government to perform governmental functions and services. "Governmental functions and services" is defined as follows:

> 'governmental functions and services' means all or part of any function or service included within the following general areas: police protection and detention services; fire

> protection; streets, roads, and drainage; public health and welfare; parks; recreation; library services; museum services; waste disposal; planning; engineering; administrative functions; and such other governmental functions which are of mutual concern to the contracting parties.

V.T.C.S. art. 4413(32c), § 3(2). "Administrative functions" is defined as follows:

> (3) 'administrative functions' means functions normally associated with the routine operation of government such as tax assessment and collection, personnel services, purchasing, data processing, warehousing, equipment repair, and printing.

Id. § 3(3).

No provision of article 4413(32c), V.T.C.S., expressly authorizes a local government to contract away its power to perform discretionary duties. We need not decide whether there is any implied authority to delegate the discretionary aspect of any function or service set out in article 4413(32c), V.T.C.S., based on the nature of the particular function or service. See Lipsey v. Department of Health, 727 S.W.2d at 65. The statute on the whole involves services and functions for which local governments may contract without delegating governmental powers. See Attorney General Opinion H-1018 (1977) (contract for road construction). Investment decisions, because they involve a risk of loss and possibility of gain to public funds, are governmental responsibilities of a nature to require an express indication of legislative intent before the officers to whom they are entrusted may delegate their exercise to other persons, if they are delegable at all. Article 4413(32c) is silent as to contracts for investment services, and we conclude that this statute does not authorize the delegation of investment authority to an entity created by contract.

Attorney General Opinion MW-347 (1981) concluded that local governments had power under the Interlocal Cooperation Act to contract to form self insurance pools to cover risks inherent in providing governmental functions and services. This opinion, however, also stated that "[we] express no opinion as to how such a insurance pool should be

structured, and how obligations may be allocated among the members." But see Local Gov't Code ch. 119 (authorizing creation of County Government Risk Management Pool). Thus, Attorney General Opinion MW-347 did not consider any question of delegation of discretionary powers.

Finally, the legislature has considered the possibility of establishing a local government investment pool but has not adopted legislation accomplishing this. See Texas Advisory Commission on Intergovernmental Relations, Statutory Update: Investment of Idle Funds by Local Governments (1985). A bill creating a local government investment pool was introduced in the 69th Legislative Session but was not adopted. See Tex. H.B. 1464, 69th Leg. (1985). The proposed legislation would have established the investment pool as a fund in the custody of the state treasurer held outside the treasury. Local governments would have been authorized to pay funds to the treasurer for deposit in the investment pool and investment under the authority and responsibility of the treasurer. The 69th Legislature did pass Senate Concurrent Resolution No. 1 directing the state treasurer's office to "investigate the potential benefits of enhancing and supplementing financial management services that are made available to political subdivisions of the state." Tex. S. Con. Res. 1, 69th Leg. (1985). The resolution specifically stated that the investigation must consider implementation of an investment pool program for political subdivisions. Id.; see also Texas Advisory Commission of Intergovernmental Relations, Statutory Update, supra. The fact that the legislature has considered establishing an investment pool for local governments and has referred this matter to the treasurer's office for study indicates the legislature's belief that local governments do not have authority to pool their funds for investment, and it supports our conclusion that they may not contract under the Interlocal Cooperation Act to form an investment pool such as you describe.

In view of our answer to your first question, we need not answer your second question on the authority of cities and counties to withdraw funds from their depositories to invest jointly through an investment pool in obligations described in the Public Investment Act of 1987. But see Attorney General Opinions MW-343 (1981); MW-224 (1980) (discussing authority of cities and counties to withdraw funds from their depositories to invest them in federal debt instruments).

## S U M M A R Y

Local governments are not authorized by the Interlocal Cooperation Act, article 4413(32c), V.T.C.S., to pool and jointly invest their public funds under the adminis-tration of an agency created pursuant to that act. The investment of public funds is a matter involving the exercise of discretion and it may not be delegated in the absence of express statutory authority, if at all. Article 4413(32c), V.T.C.S., does not authorize local governments to delegate to another entity their authority to make investments; nor does article 842a-2, V.T.C.S., or article 4413(34c) authorize such delegation.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General