**WAL–MART STORES, INC., Appellant,**

v.

**Esther MEDINA, Appellee.**

**No. 13–90–280–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 6, 1991.

Rehearing Overruled Sept. 12, 1991.

Rudy Gonzales, Jr., J. Chris Rodriguez, Harvey Ferguson, Jr., Chaves, Gonzales & Rodriguez, Corpus Christi, for appellant.

Cage Wavell, Corpus Christi, for appellee.

OPINION

HINOJOSA, Justice.

Wal–Mart Stores, Inc. appeals from a jury verdict rendered in favor of Esther Medina. Medina filed suit against Wal–Mart and Kent Sweet[1] seeking recovery for damages resulting from an investigation of Medina conducted by Sweet on allegations of theft. The jury found for Wal–Mart on the malicious prosecution claim and against it on negligence claims. By eleven points of error Wal–Mart appeals. We reverse and render.

During the times relevant to this lawsuit Medina worked at Wal–Mart's Aransas Pass store. During her employment a fellow employee implicated Medina in a series of thefts involving an under-ringing scheme. Under this alleged scheme, an employee-cashier would deliberately undercharge an employee-customer for purchases the employee-customer made.

During trial, Sweet testified that he took statements from three employees who were working the day of the alleged theft. The three statements were entered into evi-

---

1. Sweet was Wal–Mart's District Loss Prevention Supervisor at the time this cause of action arose. He was subsequently dropped from the case.

dence. Polly Escamilla stated that Medina went through her check-out line twice. The first time Medina went through her line she had a Halloween costume, dog food, warm-ups, and shirts. Escamilla stated she failed to charge Medina full price for this merchandise. She also stated that Medina and Marian Aleman[2] came through her line a second time, and she did not charge Aleman full price for her merchandise.

Steven Perez, another Wal–Mart employee, made a statement indicating that he saw Esther Medina going through Escamilla's line on October 22, 1984. She had a Halloween costume and a sack of merchandise. Subsequently, he saw Medina and Aleman going through Escamilla's line, but only Aleman had merchandise. However, after Aleman checked out, he saw Medina carry out a plant from the service desk.

Ofelia Canizales provided Sweet with a statement indicating that Medina went through Escamilla's line with Aleman and then carried a plant out. Canizales then checked the register tape and discovered that Aleman paid $20.00 for the merchandise and received $17.83 in change. She concluded that Aleman had not completely paid for the merchandise, including the plant. When Canizales confronted Escamilla, Escamilla stated she would contact Medina and Aleman and ask them to return the merchandise.

In contrast, Medina testified that after work on October 22, she had only purchased some popcorn at the service counter and left.

The evidence further showed that on October 24, 1984, Medina returned to the store to discuss the under-ringing scheme with Sweet. She was accompanied by her brother-in-law, a police officer. Sweet wished to discuss the matter with Medina alone and refused to discuss it with her brother-in-law present. She then left the store. Subsequently Medina's employment was terminated.

Sweet provided the District Attorney for Aransas County with the results of his investigation. He signed an affidavit implicating Medina, Aleman, and Escamilla in the thefts. Arrest warrants were sworn out against all three and theft charges were filed against them. When Medina discovered that an arrest warrant had been issued for her, she turned herself in to the police. After further investigation the District Attorney's office dropped all charges against Medina.

Medina testified that the newspapers disclosed that she had been arrested. She stated that the prosecution caused her severe emotional distress as a result of her arrest and the subsequent trips to the courthouse. In addition, she felt apprehensive when shopping because of the possibility that she could be wrongfully accused of theft. She testified that she also suffered from diarrhea and other difficulties with her pregnancy as a result of her prosecution for theft.

The case was tried to a jury. The charge included that following question[3]: "Do you find from a preponderance of the evidence that the prosecution of Plaintiff, Esther Medina, for the offense of theft was instituted maliciously and without probable cause?" The jury responded negatively to this question. The jury did find, however, that Wal–Mart was negligent and grossly negligent. It awarded $20,000.00 in compensatory damages and $5000.00 in punitive damages. In addition, it awarded $1050.00 to compensate Medina for the attorney's fees she incurred defending the criminal charge. From this verdict Wal–Mart appeals.

By its first, second, and fourth points of error, Wal–Mart argues that its conduct in investigating Medina should be measured by the standards applied in the tort of malicious prosecution, and not negligence. They assert that negligence is not a cause of action upon which Medina may recover since it owed no duty of care to Medina under traditional theories of negligence independent of that set forth in the tort of

---

**2.** Aleman and Escamilla were related.

**3.** We do not express any opinion regarding the propriety of this question.

malicious prosecution. Wal–Mart suggests that in the context of investigations of this nature public policy dictates that only a cause of action for malicious prosecution should lie and, therefore, the jury's finding that the prosecution was not instituted maliciously or without probable cause relieves them of all liability. It further argues that because the undisputed evidence shows that it did not breach a duty of care to Medina, there is no evidence of negligence or gross negligence.

■■■ The tort of malicious prosecution sets stringent standards for recovery. To recover, a plaintiff must show: 1) commencement of a criminal prosecution; 2) with malice; 3) without probable cause; 4) the prosecution ended in an acquittal; and 5) damages. *Coniglio v. Snyder,* 756 S.W.2d 743, 744 (Tex.App.—Corpus Christi 1988, writ denied). Malicious prosecution will also lie where a civil suit is brought maliciously and without probable cause provided there was some interference with the plaintiff's person or property. *Louis v. Blalock,* 543 S.W.2d 715, 719 (Tex.Civ. App.—Amarillo 1976, writ ref'd n.r.e.) (citing *Smith v. Adams,* 27 Tex. 28, 29–30 (1863)). The burden of proof is higher than for most civil cases. *See Diamond Shamrock Corp. v. Ortiz,* 753 S.W.2d 238, 241 (Tex.App.—Corpus Christi 1988, writ denied) (clear and convincing).

Actions for malicious prosecution are not favored in the law. *Diamond Shamrock,* 753 S.W.2d at 241. The reason why recovery under malicious prosecution in criminal cases is greatly limited is because public policy strongly favors exposure of crime. *See Id.* The corresponding rationale for limiting malicious prosecution actions in civil cases is to provide access to the courts. *See Louis,* 543 S.W.2d at 719; 54 C.J.S. Malicious Prosecution § 5 (1987).

■■ Regarding negligence, however, the threshold question is whether the defendant has breached a duty to the plaintiff. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). As the instant case reflects, conflicting rights, duties, and liabili-

ties may exist. On one hand all citizens have a duty to report criminal activity to the police. *Carswell v. Southwestern Bell Tel. Co.,* 449 S.W.2d 805, 816 (Tex.Civ. App.—Houston [1st Dist.] 1969, no writ). Reasonable persons do so. On the other hand, Wal–Mart has a duty not to cause foreseeable injury to Medina.[4] *El Chico,* 732 S.W.2d at 311. Conflicting duties may arise in a malicious prosecution case when police are given information reasonably implicating a person of a crime, and that person is subsequently exonerated. In such a case it is foreseeable that attorney's fees, severe emotional distress, and other injuries will result, regardless of the outcome of the criminal prosecution. The issue we face is how to balance these rights, duties and liabilities when this conflict arises.

Indeed, the tort of malicious prosecution balances a citizen's duty to assist the police against the potential for injury to an innocently accused person. Based on the twin public policies in favor of detecting crime and punishing criminals, and to encourage parties to submit disputes to the courts without taking the law into their own hands, the high burdens of proof and rigorous elements of proof ensure that there will be no liability for citizens who, in good faith, assist the police.

■■ We realize that the balance is heavily weighed against the wrongly accused. One court has acknowledged that these policies may result in "something less than natural justice," *Louis,* 543 S.W.2d at 719. One commentator recognized that a qualified privilege of sorts exists:

> It will be seen that while malicious prosecution is thought of as itself a tort, the function of the rules pertaining thereto is actually to afford a privilege or to qualify a privilege to engage in conduct which would ordinarily subject the actor to liability....

Harper, Malicious Prosecution, False Imprisonment and Defamation, 15 Tex.L.Rev. 157, 171 (1937). Thus, there is no recovery in tort for damage caused by an incorrect,

---

**4.** This is true *in most cases.* This case presents an exception.

but not malicious prosecution. *See McGranahan v. Dahar*, 119 N.H. 758, 408 A.2d 121, 128 (1979) ("The law does not, and should not, allow recovery in tort for all persons accused of crimes and not convicted.... Except in extreme cases, for which malicious prosecution and abuse of process are adequate remedies, a person wrongfully accused of a crime must bear that risk ...").

Because Medina's recovery was based solely on the Wal–Mart's alleged negligence, we will address whether, under the facts in this case, there was any evidence of negligence or gross negligence. A "no evidence" point is appropriate if the party without the burden of proof challenges a finding of fact. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). The scope of review for a no evidence point encompasses all the evidence and reasonable inferences which tend to support the finding of fact or jury verdict, and no other evidence. *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex.1990). The no evidence standard of review requires us to overrule the point if, viewing the evidence and inferences in the light most favorable to the finding, there is any evidence of probative force to support the finding. *Id.*

▆ In the instant case, the evidence shows that Wal–Mart had a statement from Escamilla indicating that Medina was involved in the under-ringing scheme and statements from independent witnesses indicating that Medina had been through Escamilla's line that day. This information reasonably implicated Medina in the under-ringing scheme. The jury apparently agreed; it found that the prosecution was instituted with probable cause or without malice. This finding is not challenged on appeal.

The gist of Medina's case was clearly to seek recovery for injuries caused by the prosecution. The evidence showed that Medina's damages were caused by Wal–Mart's disclosure of this information to the police, and the subsequent prosecution.

She even sought recovery for the attorney's fees expended in her defense. These damages clearly fall within the scope of the tort of malicious prosecution. In light of the public policy considerations and the law of malicious prosecution as described earlier, it would be improper for us to apply principles of negligence here.

Under the circumstances of this case, we hold that there is no evidence that Wal–Mart breached a duty of care to Medina.[5] The damages Medina suffered are *damnum absque injuria*. *See Bondies v. Glenn*, 119 S.W.2d 1095, 1098 (Tex.Civ. App.—Eastland 1938, writ dism'd); *Coleman v. Lytle*, 49 Tex.Civ.App. 42, 107 S.W. 562, 563 (Tex.Civ.App.—Dallas 1908, no writ).

We sustain Wal–Mart's third point of error. Due to our disposition of this point it is not necessary to reach the other points of error. This cause is REVERSED and judgment is here RENDERED that appellee take nothing.

BENAVIDES, J., not participating.

---

**5.** Because appellee failed to prove a negligence case against Wal–Mart, we need not decide whether a cause of action for negligence, or negligent infliction of emotional distress, is barred in all cases where the elements of malicious prosecution are established.